# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- ) ) ) | |
| Avant Assessment, LLC ) | ASBCA No. 58903 |
| ) | |
| Under Contract No. W9124N-11-C-0015 ) | |

APPEARANCES FOR THE APPELLANT:

Dirk D. Haire, Esq.
Alexa Santora, Esq.
Sean Milani-nia, Esq.
Rachel M. Severance, Esq.
  Fox Rothschild LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:

Raymond M. Saunders, Esq.
  Army Chief Trial Attorney
CPT Harry M. Parent III, JA
MAJ Julie A. Glascott, JA
  Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON APPELLANT'S EQUAL ACCESS TO JUSTICE ACT APPLICATION

Appellant has applied for $45,405.29 in fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, after we sustained ASBCA No. 58903 and converted the default termination of the contract referenced above (contract 15 (for the development and delivery of foreign-language test items to the Defense Language Institute)) to one for the convenience of the government. *Avant Assessment, LLC*, ASBCA No. 58903 *et al.*, 17-1 BCA ¶ 36,837 at 179,507, 179,510-11. Familiarity with that opinion, which also concerns three other appeals (ASBCA Nos. 60143, 60144, and 60619) and two other contracts (contracts 33 and 40) is presumed. In response to appellant's EAJA application, the government says the application is premature, because, it says, our decision in ASBCA No. 58903 is not final (gov't resp. at 1-2). Our conversion of the default termination of contract 15 left nothing to adjudicate in ASBCA No. 58903; consequently, we reject the government's prematurity argument. *See Avant Assessment, LLC*, ASBCA No. 58867, 16-1 BCA ¶ 36,436 at 177,601. On August 23, 2017, the government received our decision sustaining ASBCA No. 58903; that disposition became final on December 21, 2017, when the government's 120-day appeal period expired. *See Radar Devices, Inc.*, ASBCA No. 43912, 01-1 BCA ¶ 31,322 at 154,712; 41 U.S.C. § 7107(a)(1)(B). Appellant had 30 days, until Monday, January 22,

2018, to submit its application for EAJA fees to the Board. *See* 5 U.S.C. § 504(a)(2). It did so on January 18, 2018; therefore, the application is timely.

The government has the burden of proving that its position in this appeal was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414-15, 124 S. Ct. 1856 (2004). Here it does not assert that its position was substantially justified, and concedes appellant's eligibility for an award (gov't resp. at 1). Nevertheless, the government says that appellant "may only be awarded EAJA fees to the extent it was successful" (*id.* at 2). Where a party has achieved only limited success, we should award only that amount that is reasonable in relation to the results obtained. *See Freedom NY, Inc.*, ASBCA No. 43965, 09-1 BCA ¶ 34,097 at 168,595. Although we sustained ASBCA No. 58903, we dismissed ASBCA Nos. 60143 and 60144 (seeking price adjustments for contracts 33 and 15) as moot, and denied ASBCA No. 60619 (seeking breach damages related to contract 40). *Avant Assessment*, 17-1 BCA ¶ 36,837 at 179,511-12. It appears that, appropriately, appellant has attempted an apportionment of its fees and costs, with the objective of obtaining only that portion fairly attributable to ASBCA No. 58903, in which it prevailed. *See International Foods Retort Co.*, ASBCA No. 34954 *et al.*, 93-3 BCA ¶ 26,249 at 130,573. There is no precise formula for that task; it is based, instead, on review of the record as a whole. *Id.*

The government says that appellant's $45,405.29 request equates to 363.24 hours of attorney time at $125 per hour (gov't resp. at 3); however, attached to the EAJA application are "summaries" of the fees and expenses sought for ASBCA No. 58903, including one summary that expressly identifies $12,548.29 as an "Estimate of ASBCA No. 58903 Related Cost in Entry" (out of $37,645.03 in "Total Cost in Entry") for such things as photocopying services and expenses related to travel for the hearing. That $12,548.29 estimate (which the government does not reference) means that only $32,857.00 of the $45,405.29 that appellant seeks is for fees, which at $125 per hour equates to only 262.86 hours. The invoices attached to the application indicate that appellant's attorneys spent approximately 1,000 hours on matters related to (1) ASBCA Nos. 58903, 60143, 60144, and 60619; (2) contracts 15, 33 and 40; (3) two other, related appeals (ASBCA Nos. 58986 and 59713); (4) one other, related contract (contract 109); and (5) another appeal that does not, at least on its face, appear related to the others: ASBCA No. 58836. *See Avant Assessment, LLC*, ASBCA Nos. 58986, 59713, 16-1 BCA ¶ 36,505 at 177,862; *Technologists, Inc.*, ASBCA No. 58749 *et al.*, 2016 WL 692640 (Feb. 4, 2016). Most of the invoice entries appear to relate, at least in part, to the matters raised in ASBCA Nos. 58903, 60143, 60144, and 60619. We held a two-day hearing of those appeals in Eugene, Oregon. The parties filed post-hearing briefs, and appellant prevailed outright in ASBCA No. 58903, obtaining the conversion of the default termination of contract 15 to one for the convenience of the government. Under these circumstances where appellant is only requesting compensation for about ¼ of its hours, we find reasonable appellant's

2

request for $45,405.29 in fees and expenses. *Cf. SST (Supply & Service Team) GmbH*, ASBCA No. 59630, 18-1 BCA ¶ 36,932 at 179,933 (granting $39,767.79 in fees and expenses after having granted summary judgment to appellant and sustained appeal).

The government asks that we set off any award against the $71,572.98 that it says is "owed to the government pursuant to the Board's decision dated 22 September 2016 regarding ASBCA No. 58986, the government's affirmative claim on Contract No. 0109" (gov't resp. at 5). We reject that request. We never determined in ASBCA No. 58986 that appellant owed the government any particular amount; rather, we found that the government had overpaid appellant under contract 109, then remanded the matter to the parties for negotiation of the amount to be reimbursed to the government. *Avant Assessment*, 16-1 BCA ¶ 36,505 at 177,863-64. As for our other decision dated 22 September 2016, we dismissed ASBCA No. 59713 as moot. *Id.*

Appellant's application for the award of $45,405.29 in fees and expenses is granted.

Dated: 24 April 2018

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 58903, Appeal of Avant Assessment, LLC, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
